IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| HEATHER LAMMERS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 17-00288-CV-W-SWH |
| | ) | |
| ANDREW SAUL, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

ORDER

Pending before the Court is Plaintiff's Attorney's Motion For An Award Of Attorney Fees Under 42 USC § 406(b). (Doc. # 23) Counsel seeks attorney fees in the amount of $14,856.40 for work performed before this Court. Defendant does not object to plaintiff's fee request, but asks that if fees are awarded pursuant to 42 U.S.C. § 406(b), any fees awarded under the Equal Access to Justice Act be remitted to plaintiff. (Doc. # 24)

I.     PROCEDURAL BACKGROUND

Plaintiff filed an application for disability benefits on July 9, 2014. (Doc. # 3 at ¶ 4) Her request was denied initially and by an Administrative Law Judge (ALJ) following a hearing. (Doc. # 3 at ¶ ¶ 4 and 5) The Appeals Council denied the request for review, and an appeal was taken to this Court. (Doc. # 3 at ¶ 6) On January 26, 2018, this Court reversed the decision of the ALJ and remanded the case for further proceedings. (Doc. # 16) Thereafter, the Court awarded attorney fees pursuant to the Equal Access to Justice Act (EAJA) in the amount of $5,405.63. (Doc. # 21)

As a result of the decision after remand, claimant received retroactive benefits in the amount of $59,425.60. (Doc. # 23-4 at 2) The Social Security Administration withheld $14,856.40 from the back pay award for attorney fees. (Doc. # 23-4 at 2 ) Counsel has not been awarded any fees for work performed at the administrative level. (Doc. # 23-1 at 3) Counsel requests that $14,856.40 be awarded for work before this Court pursuant to her contingency fee agreement with the plaintiff. (Doc. # 23-1 and # 23-5) Counsel acknowledges that should the Court grant the pending motion for attorney's fees in the amount of $14,856.40 then the $ 5,405.63 in attorney fees previously awarded under the EAJA will be refunded to plaintiff. (Doc. # 23-1 at 4-5, 13-14)

II. ATTORNEY'S FEES PURSUANT TO 42 U.S.C.§ 406(b)

The statute governing the award of court-approved attorney's fees in social security cases states in relevant part that:

(b) Fees for representation before court

**(1)(A)** Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment ....

42 U.S.C. § 406(b)(1)(A). In interpreting this section, the Supreme Court rejected the lodestar method for computing attorney fees[1] and held that the district court charged with determining a reasonable fee under §406(b) must "respect the primacy of lawful attorney-client fee agreements." Gisbrecht v. Barnhart, 535 U.S. 789, 793 (2002). The statute acts as "an independent check" to assure that the results in particular cases are reasonable. Id. at 807. One limit is that contingency fee agreements in excess of 25% are unenforceable, but within the 25% range, the attorney for the

---

[1] Under the lodestar method, the number of hours spent was multiplied by a reasonable hourly rate which could then be adjusted by applying 12 factors, one of which was whether the fee was fixed or contingent. Gisbrecht v. Barnhart, 535 U.S. 789, 797-98 (2002).

2

successful claimant must show that the fee sought is reasonable. Id at 807. In assessing the reasonableness of a contingency fee award under §406(b), the Supreme Court has suggested several factors that can be considered by the court:

> Courts that approach fee determinations by looking first to the contingent-fee agreement, then testing it for reasonableness, have appropriately reduced the attorney's recovery based on the character of the representation and the results the representative achieved. See, e.g., McGuire, 873 F.2d, at 983 ("Although the contingency agreement should be given significant weight in fixing a fee, a district judge must independently assess the reasonableness of its terms."); Lewis v. Secretary of Health and Human Servs., 707 F.2d 246, 249–250 (C.A.6 1983) (instructing reduced fee when representation is substandard). If the attorney is responsible for delay, for example, a reduction is in order so that the attorney will not profit from the accumulation of benefits during the pendency of the case in court. See Rodriquez, 865 F.2d, at 746–747. If the benefits are large in comparison to the amount of time counsel spent on the case, a downward adjustment is similarly in order. See id., at 747 (reviewing court should disallow "windfalls for lawyers"); Wells, 907 F.2d, at 372 (same). In this regard, the court may require the claimant's attorney to submit, not as a basis for satellite litigation, but as an aid to the court's assessment of the reasonableness of the fee yielded by the fee agreement, a record of the hours spent representing the claimant and a statement of the lawyer's normal hourly billing charge for noncontingent-fee cases. See Rodriquez, 865 F.2d, at 741.

Gisbrecht, 535 U.S. at 808.

Plaintiff's counsel is an experienced attorney who specializes in social security disability cases, has practiced disability law for over thirteen years and manages the federal practice in a firm of fifteen attorneys. (Doc. # 23-1 at 13) She has worked on this case for an extended period of time, and obtained an outstanding result for her client. Thus, no deduction in fees for substandard performance is warranted. Second, the Court finds nothing in the record that suggests that plaintiff's attorney caused any excessive delay. The request for leave to file the case without payment of fees was filed on April 17, 2017, and the complaint filed on April 20, 2017. Counsel did not request any extensions of time to file her brief or reply brief. Counsel spent 27.90 hours on work before the Court. (Doc. # 23-6) The pending fee request under section 406(b) equates to $532.49 per hour ($14,856.40 ÷ 27.90 = $532.49). Although this is a significant hourly rate, the

fee to counsel is not excessively large compared to the benefits achieved. Not only did plaintiff receive a significant back pay award, but she also received ongoing monthly benefits. (Doc. # 23-4 at 2)

The contingency fee is designed to compensate counsel for the risks inherent in accepting these cases -- the risk that no benefits would be awarded or that there would be a long court or administrative delay in resolving these cases. Here claimant first applied for benefits in July of 2014 and appealed to this Court in April of 2017. Despite, counsel's attention to this matter, plaintiff's notice of award is dated April 16, 2020, over five years after plaintiff first filed for benefits and three years after the case was filed in federal court. (Doc. # 23-4 at 1) Further, as counsel points out in her motion for attorney fees, civil actions for disability benefits carry a significant risk of loss. (Doc. # 23-1 at 9-10)

Other courts have awarded fees that translate into hourly rates equal to or in excess of those sought by counsel in this case. See Crawford v. Astrue, 586 F. 3d 1142, 1153 (9th Cir. 2009)(in three consolidated cases the attorney fees awarded pursuant to §406(b) amounted to $519, $875 and $902 per hour); Dodson v. Commissioner of Social Security, 2002 WL 31927589, * 2 (W.D. Va. October 22, 2002) (rejecting the Commissioner's argument that a contingency fee of $5,000.00 for 7.2 hours of work, or a fee of $694.44 per hour, was unreasonable); See also Jimenez v. Astrue, 2008 WL 2684619, *3 (C.D. Cal. July 8, 2008) (summarizing the hourly rates approved by other courts that have evaluated claims for contingency fees under § 406(b) and approving an hourly rate for counsel of $826.98 per hour).

In the circumstances of this case, the Court finds that an award of $14,856.40 for attorney's fees pursuant to the contingency fee agreement and 42 U.S.C. § 406(b)(1)(A) is reasonable within the meaning of the statute and case law. For the reasons discussed herein, it is

ORDERED that Plaintiff's Attorney's Motion For An Award Of Attorney Fees Under 42 USC § 406(b), doc. # 23, is granted. Pursuant to 42 U.S.C. § 406(b)(1)(A), attorney fees of $14, 856.40 are awarded to plaintiff's counsel from the fund being held by the Social Security Administration. It is further

ORDERED that counsel for plaintiff is directed to refund to plaintiff $5,405.63, which represents attorney's fees previously paid to counsel under the EAJA.

                                            */s/ Sarah W. Hays*
                                             SARAH W. HAYS
                                   UNITED STATES MAGISTRATE JUDGE